**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| National Immigrant Justice Center, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-1050 |
| | ) | |
| United States Department of Homeland | ) | |
| Security, Immigration and Customs | ) | |
| Enforcement, | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff National Immigrant Justice Center ("NIJC"), by and through its undersigned counsel, states for its Freedom of Information Act ("FOIA") claim against Defendant United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), the following:

### NATURE OF THE ACTION

1.      This is an action under FOIA, 5 U.S.C. § 552, seeking an order declaring that ICE has failed to produce any requested records in relation to an NIJC FOIA request received by ICE on August 31, 2010. (ICE FOIA Request Number 2010FOIA8352).

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B).

3.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4.      Plaintiff National Immigrant Justice Center is a non-profit legal services organization and is part of the Heartland Alliance, a nonprofit corporation. NIJC's principal place of business is located at 208 S. LaSalle St., Suite 1818, Chicago, IL 60604.

5.      Defendant ICE is an arm of the U.S. Department of Homeland Security, which is a federal agency of the United States.  ICE has possession and control over the records sought in this case.

## FACTS

6.      In fiscal year 2009 (FY2009), according to ICE statistics, over 223,000 individuals entered ICE custody through partnerships with state and local law enforcement entities. ("law enforcement agencies" or "LEAs")  Upon information and belief, ICE assumed custody of most if not all of these individuals by issuing immigration detainers against them while they were in LEAs' physical custody.

7.      In order to obtain physical custody of individuals apprehended by LEAs, ICE issues an immigration detainer to the LEA advising it of the reason(s) why ICE intends to assume physical custody of the individual and provides a series of steps the LEA should or must take to facilitate ICE's assumption of physical custody of the individual.  Upon information and belief, ICE never serves the immigration detainer on the individual.

8.      Given the instrumental role immigration detainers have played in the significant expansion of the immigration detention system, NIJC's FOIA request seeks to shed public light on ICE's detainer process.

9.      On August 23, 2010, NIJC submitted a FOIA request to ICE seeking information regarding immigration detainers (**Ex. A**).

10.     On September 1, 2010, NIJC received a telephone call from ICE's FOIA office. The ICE FOIA official believed there were similarities between NIJC's August 23, 2010 FOIA request (ICE FOIA Request Number 2010FOIA8352) and an earlier NIJC FOIA request dated June 4, 2010 (ICE FOIA Request Number 2010FOIA4923) (**Ex. B**) and indicated that ICE intended to consolidate its response to both requests.  NIJC agreed to have the FOIA requests

consolidated and reserved the right to appeal if the consolidated response was not responsive to both FOIA requests.

11.     In a letter dated September 2, 2010, ICE's FOIA office wrote to "confirm" that NIJC had agreed to withdraw FOIA Request 2010FOIA8352 due to its similarities with FOIA Request 2010FOIA4923 (**Ex. C**).

12.     In a letter dated September 17, 2010, NIJC clarified its understanding of the September 1, 2010 telephone conversation, the letter stated in pertinent part (**Ex. D**):

> I would like to be clear that I had not agreed to withdraw ICE FOIA Request Number 2010FOIA8352.  Based on my conversation with Mr. Richard Stevens on September 1, 2010, it was my understanding that the two FOIA requests were going to be consolidated and that the response to 2010FOIA4923 would be fully responsive to the requests in 2010FOIA8352.  It was my understanding that to the extent that the response to 2010FOIA4923 is not responsive to the requests contained in 2010FOIA8352, those discrepancies would be resolved in fulfilling 2010FOIA8352.
>
> Accordingly, please treat ICE FOIA request Number 2010FOIA8352 as open and unresolved until such time as I have had the opportunity to review the response to 2010FOIA4923 to determine if it is fully responsive to both requests.

13.     Despite NIJC's letter, ICE's FOIA office mistreated Request 2010FOIA8352 as withdrawn.  On ICE's FOIA Status website, ICE has never removed the "withdrawn" designation or responded further to the request. (**Ex. E**; ICE FOIA Status website last reviewed on Feb. 8, 2011, *available at* http://www.ice.gov/foia/status/).

14.     On September 29, 2010, NIJC received ICE's response to FOIA Request 2010FOIA4923.  ICE's response to 2010FOIA4923 was largely responsive to that request, but was completely unresponsive to the information and records sought in 2010FOIA8352.

15.     In a letter dated October 19, 2010, NIJC administratively appealed ICE's failure to respond to FOIA Request 2010FOIA8352. (**Ex. F**).  NIJC's appeal letter to the constructive denial of 2010FOIA8352 was delivered on October 25, 2010 (**Ex. G**); however, NIJC never received a formal confirmation of its receipt or any substantive response.

## COUNT

### (Claim for Declaratory and Injunctive Relief under FOIA)

16.     NIJC incorporates the previous paragraphs of its Complaint as if fully set forth herein.

17.     The requested records in NIJC's FOIA Request 2010FOIA8352 are agency records subject to FOIA.

18.     Upon information and belief, Defendants have records responsive to the FOIA request in their possession.  Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendants' refusal to produce them.

19.     Defendants' failure to execute a sufficient search and to produce responsive records violates the Freedom of Information Act, 5 U.S.C. § 552(a).

20.     ICE's refusal to respond in any substantive manner to the requests for records and information in NIJC's FOIA Request 2010FOIA8352 is arbitrary and capricious.

21.     Defendants failed to respond to Plaintiff's request, or to its appeal, within the statutory time period.   Thus, Plaintiffs are deemed to have exhausted their administrative remedies.

### PRAYER FOR RELIEF

WHEREFORE, NIJC prays that this Court:

1)     Enter judgment in favor of NIJC and against ICE;

2)     Declare that ICE unlawfully failed to respond to NIJC's FOIA Request 2010FOIA8352;

3)     Pursuant to 5 U.S.C. § 552(a)(4)(A)(F), issue written findings that ICE's decision to refuse to respond to NIJC's FOIA request 2010FOIA8352 is arbitrary and capricious;

4

4)    Enjoin ICE's withholding of responsive records to FOIA Request 2010FOIA8352

and order production of responsive documents and information;

5)    Award NIJC its costs and reasonable attorneys' fees in this actions; and

6)    Grant such other and further relief as the Court may deem just and proper.


Dated:  February 15, 2011                    Respectfully submitted,


                                             /s Charles Roth
                                             Charles Roth
                                             Mark Fleming
                                             NATIONAL IMMIGRANT JUSTICE CENTER
                                             208 South LaSalle Street
                                             Suite 1818
                                             Chicago, Illinois  60604
                                             Telephone: (312) 660-1613
                                             Facsimile: (312) 660-1505
                                             *Attorneys for National Immigrant Justice Center*